# *Ex parte* Goldthwaite.

## Application for Mandamus.

1. *Mandamus to trial judge; proceedings not proper when court has no jurisdiction of defendant.*—When, in a civil suit, the defendants are non-residents, and no property belonging to them has been attached or is *in gremio legis* in the case, and there is no service, constructive or otherwise, upon the defendants and they have never appeared personally and there is no appearance by attorney, the court has no jurisdiction of the defendants, and is without authority to proceed in the trial of the case, and *mandamus* will not be awarded, on application of the plaintiff, to compel the judge presiding to proceed with the trial of said cause.


Henry Goldthwaite instituted a suit in the circuit
court of Mobile county, against John Wilson, Jr., Cora
Lawrence and Virginia Wilson, ''as executor and exec-
utrices of John Wilson, acting in his capacity and under
the name of John Wilson, doing business under that
name.'' The suit was commenced by an attachment,
sued out on the ground that the defendants were non-
residents. This attachment was sued out on December
1, 1897, and was levied on December 2, 1897, by sum-
moning the Mobile Fruit & Trading Company and Her-
bert M. McConnell, as garnishees. There was an ap-
pearance entered for the defendants by their attorneys.

31

[*Ex parte* Goldthwaite.]

Afterwards ·a complaint was filed. The garnishees answered, denying that they were indebted &c. to the defendants, as executors of John Wilson, deceased. Prior to the day set down regularly for the trial of the cause, the plaintiff, by leave of the court, amended the attachment affidavit, writ and bond and complaint, by striking out the words "as executors and executrices of John Wilson." Thereupon, upon motion of the attorneys for the defendants, an order was made that the attorneys "be and they are hereby allowed to withdraw their appearance for the defendants as executors." On the day set for the trial, the defendants made default, and thereupon the plaintiff moved the court· that a jury be impannelled and that judgment be rendered *nil dicit*, and that he be allowed to prove his demand. The court held that the defendants had never been served with process ; that no appearance was entered for them, and that they were not in court ; and, therefore, rendered judgment refusing the motion, and declining to allow a judgment in favor of the plaintiff against the defendants. The plaintiff in said cause files his application in this court, setting out the facts as above stated, and praying that an alternative writ of *mandamus* issue out of this court directed to the Judge of the Thirteenth Judicial Circuit, presiding over the Circuit Court of Mobile, commanding him to proceed with the trial of the cause alleged to be pending in his court, and to render the judgment asked for by the petitioner and such other order as is appropriate.

Thos. H. Smith, for petitioner.—A general appearance dispenses with the necessity of a formal notice, and is a waiver of previous irregularities in the service of process.—*Lampley v. Beavers*, 25 Ala. 534 ; *Moore v. Easley*, 18 Ala. 619 ; *Peebles v. Weir*, 60 Ala. 413. The effect of an appearance can not be obliterated by amendment of the complaint.—*McCaskey & Ratcliff v. Pollock & Co.*, 82 Ala. 176.

A plea of the general issue having been entered by defendants when the attorneys appeared for them, judgment *nil dicit* was appropriate, and should have been entered after defendants were called and failed to appear

[*Ex parte* Goldthwaite.]

and sustain their plea.—Code of 1896, § 562 ; 2 Brickell's Dig. 138, § § 104, 106 ; *Stewart v. Goode*, 29 Ala. 476 ; *Dougherty v. Colquitt*, 2 Ala. 337. Unless petitioner obtains the writ he is wholly without remedy.—*Ex parte Sayre*, 95 Ala. 288 ; *Jennings v. Pearce*, 99 Ala. 303.

No counsel marked as appearing for respondent.

McCLELLAN, C. J.—This is an application for *mandamus* to the judge of the thirteenth circuit, commanding him to proceed with the trial of a cause alleged to be pending in his court, wherein Henry Goldthwaite is plaintiff and John Wilson, Jr., Cora Lawrence and Virginia Wilson are defendants. The defendants are non-residents. No property belonging to them has been attached, or is *in gremio legis* in the case. No personal service upon them has been had. They have never personally appeared in the case. An appearance of counsel for them was allowed by the court to be withdrawn. It is not sought by the present petition to have that appearance reinstated, or to have the action of the court in regard to it reviewed and revised. But on the record as it stands, with no service constructive or otherwise, and with no appearance, it is sought to have judgment rendered against defendants. The court, in our opinion, properly declined to proceed further with the case, and the application for *mandamus* must be denied.

By what is said above it is not intended to be intimated that the action of the circuit court in respect of the withdrawal of the appearance would be controlled by this court.

Application denied.